IRENE A. WADE, and another, *vs.* THOMAS CURTIS.

ANDROSCOGGIN.    Opinion March 19, 1902.

*Stat. of Frauds. Payment. Evidence. Amendment. R. S., c. 111. War Rev.
Law, 1898.*

A memorandum in the following form : —

"Lewiston, Me., August 31, 1899.  This is to certify that I bought a hack of
Wade & Dunton, June 5, 1899, for which I promise to pay said Wade &
Dunton $275.00 within three months. Thomas Curtis," is sufficient to
satisfy the statute of frauds; and being a non-negotiable note is not pre-
sumed to have been taken in payment.

Even if regarded as a note, it does not require an internal revenue stamp
to be affixed to it.

The U. S. statutes which prohibit the introduction of unstamped notes in
evidence, apply only to courts of the United States, and has no applica-
tion to state courts.

In an action upon account annexed, the court may properly allow as an amend-
ment to the declaration another count for goods bargained and sold.

See *Wade* v. *Foss*, ante, p. 230.

Exceptions by plaintiffs.    Sustained.

Assumpsit on account annexed and a promissory note.

The case appears in the opinion.

*W. H. Newell and W. B. Skelton*, for plaintiffs.

*D. J. McGillicuddy and F. A. Morey*, for defendant.

SITTING: EMERY, WHITEHOUSE, STROUT, POWERS, PEABODY, JJ.

STROUT, J.   The writ in this case contained two counts — one
upon a promissory note and the other upon account annexed.   One
of the items in the account was, "June 5, 1899, one hack $275.
The plea was the general issue, with brief statement of the statute
of frauds.   Before the charge by the presiding justice, in reply to a
question from him, plaintiff's attorney said he did not rely upon the
count upon a promissory note, nor that the paper introduced was evi-
dence under that count, but he did rely upon it as a memorandum

in writing which satisfied the statute of frauds.  This paper was as follows : —

"Lewiston, Me. August 31, 1899.

This is to certify that I bought a hack of Wade & Dunton June 5, 1899, for which I promise to pay said Wade & Dunton $275.00 within three months.                    Thomas Curtis."

This paper was objected to, because not stamped, as a note, and as an insufficient memorandum under the statute, and exception was taken to its admission.  That it was a sufficient memorandum under the statute, is too plain for argument.  As such, no stamp was required.  Even if regarded as a note, it still would be admissible in a state court without stamp.  The United States statute forbidding admission as evidence of unstamped instruments, which that statute requires to be stamped, applies only to the courts of the United States, and not to the courts of a state.  *Wade* v. *Foss*, ante, p. 230. The fact that a stamp was subsequently placed upon the paper is immaterial.

In his charge, the presiding justice stated that negotiations were had between the parties on June 5, 1899, and that plaintiff claimed that at that time a trade was made for the hack, a price agreed upon and the terms arranged, but that the hack was left in possession of plaintiff for the convenience of defendant,—and he instructed the jury in effect, that even if the trade had been made in June, this memorandum made in August following, referring to and stating the prior sale and its terms, would be sufficient under the statute.  The exception to this ruling is manifestly without merit.

At the close of the charge, defendant requested an instruction that the plaintiff could not recover because the hack had never been delivered, and that indebitatus assumpsit would not lie.  Thereupon, on motion, plaintiff was allowed to amend, by adding a count for goods bargained for and sold.  Exception was taken to allowance of this amendment.  It introduced no new cause of action, but simply changed the form of declaring.  Under either count the question involved the contract of sale of the hack.  The amendment violated no rule of law.  It was a matter within the discretion of the presiding justice, which cannot be reviewed on exceptions.

Defendant further asked an instruction, that the note contained in the memorandum was payment for the hack, and that the price of the hack could not be recovered, the note having been given therefor, which was refused. In this jurisdiction it is held that the giving and receiving a negotiable note for the price of an article sold, is presumptive evidence of payment, but the presumption may be rebutted. *Varner* v. *Nobleborough*, 2 Maine, 121, 11 Am. Dec. 48. No such presumption attaches to a non-negotiable note. This note was non-negotiable.

We perceive no error in the rulings or instructions of the court, and the entry must be,

*Exceptions overruled.*